### · Richmond.

DARRAUGH v. BLACKFORD.

FEBRUARY 16th, 1888.

1. INFANT FEME COVERT—*Deed—Ratification.*—Deed of infant *feme covert* may be avoided when she becomes of full age and *discovert.* Then, being *sui juris,* she may ratify it expressly, or impliedly, as by accepting a compensation allowed by a decree to which she, or her counsel for her, has consented. *Wilson* v. *Branch,* 77 Va., 65.
2. CHANCERY PRACTICE—*Consent decrees—Consensus tollit errorem.*—A decree by consent is binding unless procured by fraud or mistake, in which case relief is by original bill.

Appeal from two decrees of corporation court of Lynchburg city, rendered March 9th and June 24th, 1886, in the suit of C. M. Blackford, trustee, against Sarah V. Grimaldi, in her own right and as administratrix of Thomas F. Grimaldi, deceased, Charles B. Wierman, administrator of Daniel Darraugh, deceased, and others. The decree being adverse to Darraugh's administrator, he obtained an appeal and *supersedeas* from one of the judges of this court. Opinion states the case.

*Kirkpatrick & Blackford,* for the appellant.

*E. S. Brown,* for the appellees.

LACY, J., delivered the opinion of the court.

On the 30th day of November, 1859, T. F. Grimaldi and wife executed a deed of trust conveying to C. M. Blackford,

trustee, a house and lot on Main street in the city of Lynch-
burg.  On the 1st of March, 1883, the said trustee sold the
said property to T. H. Ivey, at the price of $5,825.  At the
sale, a question arising as to the lien of judgments binding the
said property, antedating the trust deed, the trustee agreed
that a good title would be obtained for the purchaser.  Shortly
afterwards a suit was instituted by the said trustee making the
widow of T. F. Grimaldi, in her own right and as administra-
trix of her husband, a party.  The said widow, S. V. Grim-
aldi, employed counsel, and filed her answer, admitting
nothing, but setting up no special defence.  The cause was
referred to a commissioner for report of liens.  The report of
the commissioner showed liens in favor of Davis' estate ante-
dating the trust deed, and these, together with the Darraugh
claim secured by the trust deed, exhausted the fund.  On the
20th day of September, 1884, a decree was rendered in the
cause confirming this report, ascertaining the debt of Davis to
be $2,102 24 as the first lien, and Darraugh's debt to be
$5,151 14 as the second lien, which much more than exhausted
the fund in the cause arising from the sale of the property
sold by Blackford, trustee; and the decree proceeds: "And
the personal representatives of said George D. Davis and said
Daniel Darraugh, having consented that the sum of three hun-
dred dollars be paid to Sarah V. Grimaldi, widow of T. F.
Grimaldi, of the said fund in compromise and settlement of
all demands and claims of said widow as to said fund; one
hundred and twelve dollars and nineteen cents of said three
hundred dollars to be deducted from the debt of said George
D. Davis, and the residue of one hundred and eighty-seven
dollars and eighty-one cents to be deducted from the debt of
said Daniel Darraugh, which consent and compromise is evi-
denced by indorsement upon the original draft of this decree
filed among the papers in this cause."  Blackford, trustee, was
directed to collect the fund, pay the debt of Davis, less the
sum to be deducted for Mrs. Grimaldi, and pay the residue to

Darraugh, less the sum to be deducted for Mrs. Grimaldi out of his share, and to pay Mrs. Grimaldi or her attorney the said sum of $300, and when the whole of the purchase money was paid by Ivey, to make him a deed to the property. This decree was indorsed as follows: "We consent that this decree be entered. P. A. Krise, Thomas D. Davis, executors of George D. Davis, deceased, by W. W. H. Harris, their attorney. John W. Daniel and K. & B., (meaning Kirkpatrick & Blackford), for S. V. Grimaldi. C. B. Wierman, administrator of Daniel Darraugh, deceased." Subsequently, on the 3d of November, 1884, T. H. Ivey, the purchaser aforesaid, having caused the title to be investigated, and discovered other judgment liens which he thought constituted liens on the property he had purchased in this suit, filed his bill of review, asking to have the sale rescinded, and on the 4th of February, 1885, one S. S. Davidson filed his petition in the cause to set up a judgment lien in his favor against the said property. And on the 14th of March, 1885, Mrs. S. V. Grimaldi filed her bill of review in the cause, in which she sought to set up her dower rights, because the deed in trust executed by her husband and herself on the 30th of November, 1859, not being certified as to her husband's acknowledgment before the justice was improperly admitted to record as to her said husband, according to section 7 of chapter 117 of the Code, and did not operate to convey or pass her dower. And the infant children of T. F. Grimaldi filed their answers by guardian *ad litem*. On the 19th of September, 1885, there was a decree by consent setting aside the sale to Ivey, the said Ivey having agreed to pay $1,000 to be released from further vexation about the case. There was another reference to a commissioner and report of liens. This report was variously excepted to by the parties; the commissioner having reported against the validity of the deed in trust of November 30, 1859, for want of proper recordation as to T. F. Grimaldi. The deed was subsequently proved upon the testimony of two witnesses as to him, and

admitted to record *ex parte*. The said Mrs. S. V. Grimaldi
then filed her amended bill of review, setting up in her defence
that she was an infant under twenty-one years of age when she
executed the deed in trust on November 30, 1859, and that
she remained under coverture until May, 1880, and that the
deed was void as to her for that reason. On the 9th of March,
1886, a decree was rendered sustaining exceptions to the com-
missioner's report last mentioned, the effect of which was to
maintain the Davis debt as the first lien as before, and held
that the Darraugh judgment (Grimaldi also confessed judg-
ment in favor of Darraugh in 1859 for the debt secured in the
trust deed) was not barred by the statute of limitations, as the
commissioner had reported, and was the second lien on the
real estate sold in this cause; that Mrs. S. V. Grimaldi was
not precluded from setting up the defence of her infancy; and
that as she was an infant when she executed the deed to C.
M. Blackford, trustee, the same is void as to her dower interest.
in the real estate thereby conveyed, which interest must be paid
out of the proceeds of the property thereinafter decreed to be
sold. The real estate was subsequently sold by Blackford,
trustee, under this decree to one M. E. Doyle for $6,000,
which being reported to the court, and another report of the
master commissioner coming in, under the decree of March 9,
1886, the court decreed one-third of the rents arising during
the possession of Ivey, the purchaser, and one-third of the
rents arising while the property was rented by Blackford,
trustee, to be paid to Mrs. Grimaldi, from which was deducted
the amount she had been paid as part of the $300 formerly
allotted to her as dower, which was $75, and directed one-
third of the sales of the real estate to be invested by receivers
for the benefit of Mrs. Grimaldi, upon which she was to re-
ceive the interest semi-annually, and distributed the fund
remaining among the creditors according to the principles set-
tled in the former decree of March 9, 1886. The administra-
tor of Daniel Darraugh applied for and obtained an appeal to

this court from the said decrees of March 9, 1886, and June 24, 1886.

The error assigned here is as to the action of the court in setting aside the decree of the 20th day of September, 1884, as to the allowance of $300 in lieu of dower to Mrs. Grimaldi, and allowing the defence of infancy to defeat the deed of 1859, and allowing the dower rights of the widow in full after the decree of September, 1884, had ascertained and fixed the same at the sum of $300, by consent of all concerned. It is insisted that the said consent decree could not be set aside by bill of review, nor reversed on appeal. It is apparent from the record that on the said 30th day of September, 1884, Mrs. Grimaldi was no longer and infant, nor was she a married woman; after both the disability of infancy and of coverture had been removed, that she employed counsel to represent her in this suit; that in her answer, while she neither admitted nor denied anything, that she asked that her rights as widow of Thomas F. Grimaldi be duly protected by the court in the distribution of the fund; and that she afterwards, by counsel, consented to receive $300 in full satisfaction of her dower claims; that although she has filed two bills seeking to avoid this decree— one on the ground of the defective recordation of the deed as to her husband, and the other upon the ground of infancy— she has not disaffirmed this act of her counsel in consenting to the decree of September, 1884; nor alleged that it was done without her concurrence, and although she has filed many exceptions in the progress of the cause subsequently, and taken many depositions as to her age and as to her husband's residence, to avail of the bar of the statute, he having for many years lived in another State, yet we find no hint that she was in anywise misrepresented in that matter, nor denial of the authority of her counsel. Why is she not bound by this decree as any other person? It was her own act, a decree entered by her consent, duly recorded. Upon what principle can she ask to have it reviewed or reversed? Was it error in law,

illegal, to pay her $300 for her dower claim, if she consented to receive it? Did she afterwards discover her infancy, or afterwards discover evidence of her infancy? When her age was proved, it was so proved in part from the family Bible, and the first commissioner's report sets forth that the widow had stated her age at 42 years in 1884, which would have made her about 17 years of age at the execution of the deed in December, 1859, and the commissioner calculated the value of the life-estate on that basis. It was, however, proved by her later in the cause that she was born in February, 1839, and was 20 years and 9 months of age when the deed was executed. A decree made by consent cannot be set aside either by rehearing or by bill of review or by appeal, unless by clerical error anything has been inserted in the decree as by consent to which the party had not consented, in which case a bill of review might lie. 1 Daniel, Ch. Pr., 974. And the consent of counsel to a decree is to be given upon their own conception of their instructions. *Id.* Lord Hardwicke said, in the case of *Bradish* v. *Gee*, 1 Amb., 229: "Where a decree is made by consent of counsel, there lies not an appeal or rehearing, though the party did not really give his consent, but his remedy is against his counsel, etc.; but if such decree was by fraud and covin, the party may be relieved against it, not by rehearing or appeal, but by original bill." In the old case of *Webb* v. *Webb*, taken from Lord Nottingham's manuscripts, and reported in 3 Swanst., 658, the master of the rolls having mediated an agreement between the parties, one of them afterwards brought a bill of review to reverse the consent decree entered in the cause, but the bill was dismissed, and it was held that there could be no error in a decree by consent—*consensus tollit errorem;* that there could be no injustice in a decree by consent—*volenti non fit injuria.*

In the case of *Atkinson* v. *Manks*, 1 Cow., 709, Sutherland, J., says: "Whether the decree was erroneous (in its directions as a reference) I do not consider open for inquiry. The decree

in everything that respects the reference purports to have been made by consent. If the chancellor was mistaken in supposing Atkinson's counsel had consented to it, application should have been made to him to have the mistake as to the consent corrected. That course not having been pursued, this court cannot try the question whether there was a mistake or not. We must take the fact to be as stated in the decree, and entirely disregard the suggestion of a mistake. No appeal or rehearing lies from a decree made by consent." In the case of *Armstrong* v. *Cooper*, 11 Ill., 541, it is said by Mr. Justice Caton: "A decree made by consent cannot be appealed from, nor can error be properly assigned upon it. Even a rehearing cannot be allowed in the suit, nor can the decree be set aside by a bill of review." 1 Barb. Ch. Pr., 373; *Stewart* v. *Forbes*, 1 Macn. & G., 137; *Smith* v. *Turner*, 1 Vern., 273; *Harrison* v. *Rumsey*, 2 Ves. Sr., 488; *Wood* v. *Griffith*, 1 Mer., 38; *Wall* v. *Bushby*, 1 Brown, ch. 488. In the case of *Thomson* v. *Maxwell*, 95 U. S., 391, Mr. Justice Bradley said: "If the bill is to be regarded as a bill of review (and in its ultimate aspect, at least, it seems impossible to regard it otherwise) the proceedings are clearly objectionable on the following grounds: *First*, the decree sought to be set aside and reversed was a consent decree. It is a general rule that against such a decree a bill of review will not lie." Citing *Webb* v. *Webb*, *supra*, and 2 Smith, Ch. Pr., 50; 2 Daniel, Ch. Pr. (3d Amer. Ed.) 1629. In the case of *French* v. *Shotwell*, 5 Johns. Ch. 564, Chancellor Kent said: "There can be no doubt of the settled doctrine that a decree by consent is binding unless procured by fraud, and in such case the party may be relieved against it by original bill."

It is settled law in this State that a deed of an infant *feme covert* may be avoided when the infant arrives at full age and becomes discovert, and she is not required to do any act to disaffirm the same until both disabilities of infancy and coverture have been removed. *Wilson* v. *Branch*, 77 Va., 65, and cases there cited. She may then not only disaffirm her

deed made under disabilities, but, she being *sui juris*, may make a deed, ratify and affirm her former act, or do any other act which may be done by others, and her acts are now binding upon her, and may be enforced against her, and if she consents to a decree or her counsel consents for her, she is bound by it. The corporation court of Lynchburg erred in its decrees appealed from in decreeing to Mrs. Grimaldi other compensation than such as she had agreed to receive and accept by the consent decree of September 20th, 1884, and the said decrees of March 9th and June 24th, 1886, so far as they are in conflict with the foregoing, will be reversed and annulled.

HINTON, J., dissented.

DECREES REVERSED.